UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
ARON FRIED, AS TRUSTEE OF THE SEIDEN FAMILY : 22-CV-7376 (ARR) (MMH)
ESTATE TRUST :
: <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT PUBLICATION</u>
*Plaintiff*, :
:
-against- :
: **OPINION & ORDER**
CIT BANK, N.A., :
:
*Defendant.* X
-------------------------------------------------------------------

ROSS, United States District Judge:

Plaintiff brings this action under New York State Real Property Actions and Proceedings Law ("RPAPL") § 1501(4) to cancel and discharge defendant's mortgage on a property in Brooklyn, New York. Defendant has asked the court to abstain from deciding the case under the *Younger* abstention doctrine. For the reasons set forth below, I decline to apply the *Younger* abstention doctrine but instead exercise the court's inherent powers to stay the proceedings.

## BACKGROUND

Plaintiff, Aron Fried ("plaintiff" or "plaintiff-trustee"), brings this action in his capacity as Trustee of the Seiden Family Estate Trust and is a citizen of New York. Compl. ¶ 3, ECF No. 1. First-Citizens Bank & Trust Company ("FCB" or "the bank") is successor in interest by merger to named defendant CIT Bank, N.A. ("CIT"), with its principal place of business in North Carolina. Answer ¶ 4, ECF No. 13. Plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332.

In 2004, non-party Lilly Segal (the "borrower") executed a mortgage on the real property at 1257 59th Street in Brooklyn (the "property"), to secure a mortgage note that was thereafter

1

assigned to OneWest Bank, N.A. ("OneWest"). Compl. ¶¶ 1, 9–10. After the borrower defaulted on the mortgage, OneWest initiated a foreclosure action on the property in 2011 ("2011 Foreclosure"). Compl. ¶ 15. In the complaint filed in the 2011 Foreclosure, OneWest declared the entire unpaid principal and accrued interest due immediately. Compl. ¶ 18. The Kings County Court subsequently dismissed the 2011 Foreclosure on June 29, 2018, due to OneWest's failure to file the requisite note of issue.[1] Compl. ¶ 20; Def.'s Mot. to Abstain, Decl. of Kenneth Sheehan ¶ 6, ECF No. 14-2 ("Sheehan Decl."). In 2019, OneWest sought to vacate the dismissal and reinstate the 2011 Foreclosure.[2] Sheehan Decl. ¶ 7. The state Supreme Court denied the bank's motion to vacate the dismissal on February 3, 2020. Sheehan Decl., Ex. B, ECF No. 14-4. OneWest filed a notice of appeal from that denial on July 7, 2020. Sheehan Decl., Ex. C, ECF No. 14-5. Plaintiff states that OneWest failed to perfect the appeal, which was automatically dismissed on March 10, 2021. Pl.'s Opp'n Mot. to Abstain ("Pl.'s Opp'n"), Decl. of Anthony Filosa ¶ 10 & n.1, ECF No. 15-1 ("Filosa Decl."). Plaintiff acquired interest in the property pursuant to a deed from Brooklyn 7 Capital, LLC dated March 16, 2021. Compl. ¶ 7. OneWest ultimately did perfect its appeal, which is currently pending before the New York Supreme Court, Appellate Division, Second Department. Sheehan Decl. ¶ 10. Arguments in that appeal were held on May 12, 2023. Sheehan Decl., Ex. D, ECF No. 14-6.

At the time of plaintiff's acquisition, there was no notice of pendency of the 2011

---

[1] A note of issue is a form that is filed and served on all parties confirming that the case is ready for trial. N.Y. C.P.L.R. § 3402(a).

[2] Plaintiff notes that CIT acquired the assets of OneWest Bank in 2015. Compl. ¶ 11. The borrower's note and mortgage were assigned to CIT in 2021 and CIT succeeded OneWest's interest in the ongoing litigation as to the mortgage. Compl. ¶ 14. However, that state court action names OneWest as plaintiff and so I refer to OneWest or "the bank" in describing actions taken in the course of that litigation.

Foreclosure.[3] Compl. ¶ 21. According to plaintiff, defendant's appeal of the order of dismissal was not active at the time plaintiff acquired the property. Filosa Decl. ¶ 11. Plaintiff is not a party to the state court foreclosure proceedings. Compl. ¶ 19.

Plaintiff brings this action to quiet title to the property under RPAPL § 1501(4). That section provides, in relevant part, that:

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom . . . .

N.Y. Real. Prop. Acts. Law § 1501(4). The statute of limitations for commencing a foreclosure action in New York is six years, measured from the lender's acceleration of the mortgage. N.Y. C.P.L.R. § 213(4). Plaintiff maintains that the statute of limitations began to run when OneWest commenced foreclosure proceedings against the property in 2011, accelerating the entire debt due under the mortgage. Compl. ¶¶ 24–25. Accordingly, plaintiff contends that the statute of limitations has expired and defendant is barred from foreclosing on the mortgage. Compl. ¶ 26.

### LEGAL STANDARD

Defendant has fashioned this as a "motion for an order of abstention," but essentially has filed a motion to dismiss based on the *Younger* abstention doctrine. Abstention is a judicially created doctrine, born of *Younger v. Harris*, 401 U.S. 37 (1971), permitting a federal court that has

---

[3] Article 65 of the N.Y. Civil Practice Law and Rules allows a plaintiff, who brings a lawsuit claiming interest in real property, to file a notice of pendency, which alerts future buyers or interest holders of a prior claim to a pending lawsuit that may affect title to that property. N.Y. C.P.L.R. §§ 6501–6516; *see also Diaz v. Paterson*, 547 F.3d 88, 90–91 (2d Cir. 2008) (describing New York law governing notices of pendency).

3

jurisdiction over a proceeding to abstain from exercising that jurisdiction out of "proper regard for the rightful independence of state governments in carrying out their domestic policy." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 724 (1996).

A motion to dismiss based on the *Younger* doctrine is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013). That standard is essentially identical to that used to review a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in that I must accept all factual allegations in the complaint as true. *Id.* I need not, however, draw inferences in favor of the plaintiff. *See Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013). Additionally, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings" and take judicial notice of documents in the public record, including state court filings. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).

## DISCUSSION

### I. *Younger* Abstention Is Not Appropriate

"[F]ederal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (alteration and internal quotation marks omitted). *Younger* recognized a limited exception to this general rule, however, requiring that a federal court should abstain from hearing a case where doing so would interfere with an ongoing state proceeding. *Younger*, 401 U.S. at 53–54. Relying on the *Younger* abstention doctrine, defendant maintains that this court should decline to exercise its subject matter jurisdiction over the present matter.

4

In *Younger*, the Supreme Court held that federal courts must abstain from hearing matters "when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). As the Second Circuit further explained, "[t]he defining feature of *Younger* abstention is that even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). Application of the *Younger* doctrine encompasses three classes of parallel state proceedings: (1) "pending state criminal proceeding[s];" (2) "particular state civil proceedings that are akin to criminal prosecutions;" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72–73. This case falls into *Sprint*'s third category, implicating the state's interest in registering good titles. *See Calizaire v. Mortg. Elec. Reg. Systs., Inc.*, No. 14-CV-1542 (CBA) (SMG), 2017 WL 895741, at *3 (E.D.N.Y. Mar. 6, 2017) (collecting cases).

The parties dispute whether the pendency of defendant's state court appeal—seeking to restore the previously dismissed 2011 foreclosure action—constitutes an ongoing state proceeding for the purposes of abstention. Plaintiff's arguments, which rely on this court's application of the *Colorado River* abstention doctrine, are inapposite. *Younger* abstention presents a simpler question: is there an ongoing state court proceeding? The short answer is yes. In order to defeat a quiet-title action brought pursuant to RPAPL § 1501(4), "a party only needs to commence a foreclosure action within the statutory period; it does not need to obtain a judgment before the statute of limitations expires." *Gustavia Home LLC v. VVS1 Corp.*, No. 17-CV-4330 (ERK) (JO),

5

2019 WL 2527291, at *3 (E.D.N.Y. June 19, 2019), *aff'd*, 805 F. App'x 82 (2d Cir. 2020). The Appellate Division has recognized that for purposes of seeking to quiet title pursuant to RPAPL § 1501(4), a pending appeal of a dismissed foreclosure action "demonstrate[s] that . . . the foreclosure action [is] still pending and unresolved." *Mizrahi v. U.S. Bank, Nat'l Ass'n*, 64 N.Y.S.3d 572 (N.Y. App. Div. 2017).[4] *Younger*'s first factor is satisfied.

This case also implicates an important state interest. Courts in this circuit have noted a state's interest "in the enforcement of its method of registering good title to privately owned lands within the state" in applying *Younger* abstention where the state and federal cases concerned the same real property. *Calizaire*, 2017 WL 895741, at *3 (quotation omitted) (collecting cases); *see also Plotch v. Wells Fargo Bank, N.A.*, 413 F. Supp. 3d 129, 134 (E.D.N.Y. 2018). Determinations of the rights and obligations of various parties with respect to the subject property lie squarely with the state court.

The third *Younger* factor—whether the plaintiff has an avenue open for review of constitutional claims in the state court[5]—presents a more complicated question. "*Younger*

---

[4] Plaintiff asserts in its opposition to defendant's motion that it is not subject to the 2011 Foreclosure at all. Pl.'s Opp'n. 5–6. But as the state and federal proceedings both concern the same property, for the purposes of deciding this first factor, I consider the 2011 Foreclosure action as parallel to the federal clear-title claim.

[5] Although the language in *Hansel* refers to constitutional claims, courts in this circuit have applied this factor in a broader sense to include claims asserting statutory rights as well. *See Grieve v. Tamerin*, No. 00-CV-3824 (JG), 2000 WL 1240199, at *2 n.3 (E.D.N.Y. Aug. 25, 2000), *aff'd*, 269 F.3d 149 (2d Cir. 2001). Plaintiff alleges neither federal constitutional nor statutory claims, but does seek relief in federal court. Although the *Younger* doctrine is primarily concerned with "the duty of the federal courts to adjudicate and vindicate *federal* constitutional rights," *Hicks v. Miranda*, 422 U.S. 332, 355 (1975) (Stewart, J. dissenting) (emphasis added), that concern is rooted in whether such rights can be adjudicated in the state proceedings, *see id.* at 349 (majority opinion). And *Younger* starts from the presumption that federal courts "*should* entertain and resolve on the merits an action within the scope of a jurisdictional grant." *Sprint*, 571 U.S. at 73 (emphasis added). Although here plaintiff has availed itself of a federal forum to adjudicate a claim based in a state statutory right, defendant's motion to dismiss plaintiff's claim on the basis of *Younger* abstention still requires that I consider whether that claim may be litigated via the extant

generally does not apply against those not party to the pending state proceedings." *Plotch v. Wells Fargo Bank, N.A.*, No. 17-CV-309 (NG) (RER), 2018 WL 344967, at *2 (E.D.N.Y. January 9, 2018). "Only 'where the [federal plaintiff's and state court defendant's] interests are so inextricably intertwined that direct interference with the state court proceeding is inevitable,'" may *Younger* "bar the claims of plaintiffs who are not party to the pending state proceeding." *Id.* (quoting *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 82 (2d Cir 2003)); Pl.'s Opp'n. 4–5. Plaintiff's claim, pursuant to RPAPL § 1501(4), is not squarely aligned with the interests being litigated in the ongoing state proceedings.

The bank's state appeal seeks to vacate the dismissal of the 2011 Foreclosure. Plaintiff-trustee has not joined as a party to that appeal and the bank has not substituted plaintiff-trustee as party to the appeal. The court in *Plotch* declined to abstain from deciding a similar clear-title claim, pursuant to *Younger*, for the very reason that the federal plaintiff was "a stranger to the state court proceeding." *Plotch*, 2018 WL 344967 at *3. In *Plotch*, the federal plaintiff had sought to substitute as a successor in interest to the state defendant in default, and the bank had opposed that substitution. The court refused to allow the defendant to "argue[] against plaintiff's participation in the state court action" and then "block plaintiff's avenue to federal court by saying that the state proceeding afforded plaintiff an adequate opportunity for judicial review." *Id.* at *3. Though defendant bank here has not opposed plaintiff-trustee's participation in the state proceeding, it similarly tries to argue its case both ways. In its state court appeal, the bank has argued that Segal, the original borrower, retains no interest in the property. Pl.'s Opp'n, Ex. E at 2, ECF No. 15-6. Yet in federal court, the bank asserts, without citation to legal authority, that it was under no obligation to substitute plaintiff-trustee as party to the 2011 Foreclosure and that Segal's interests

---

state proceedings.

7

are identical to those of plaintiff-trustee. Def. Reply 2, ECF No. 16. Regardless of whether the bank had an obligation to join plaintiff-trustee, if Segal retains no interest in the property, it is not clear how Segal's interests in the 2011 Foreclosure align with those of plaintiff-trustee.

It may well be true, as defendant argues, that the borrower, Segal, and the subsequent purchaser of the property, plaintiff-trustee, have a common interest in preventing the bank from foreclosing on the mortgage. Def.'s Reply 2. Absent a clearer understanding of the facts underlying the state proceeding, however, it is not evident that the means of vindicating those interests are sufficiently aligned. Nor is it clear that plaintiff can adequately pursue its federal claim via the extant state proceedings. Indeed, plaintiff-trustee asserts that because it is not party to the 2011 Foreclosure and there was no valid notice of the pendency of the 2011 Foreclosure at the time it purchased the property, it is not bound by the outcome of the 2011 Foreclosure Action and thus has no interest to litigate in state court. Pl.'s Opp'n. 5–6. Both parties raise a number of interconnected issues regarding the ongoing interests and rights of all parties in relation to the property, including, but not limited to: whether Segal, the original borrower, retains an interest in the subject property or in the state proceedings, Def. Reply 2; Pl.'s Opp'n, Ex. E at 2; whether the bank has an obligation and/or the procedural ability to substitute or join plaintiff-trustee as party to the 2011 Foreclosure action, Def. Reply 2; Pl.'s Opp'n 7; and whether plaintiff-trustee is bound by the 2011 Foreclosure, Pl.'s Opp'n 6. All of these issues could affect plaintiff's clear-title action. And none of them can be decided until the state court makes a determination on the pending appeal.

At this time, I decline to decide whether plaintiff-trustee's interests in the property are so intertwined with Segal's as to justify abstention, and defendant's motion to dismiss on the basis of *Younger* abstention is denied, without prejudice to renew the motion to dismiss once the state appeal has been decided.

## II.   A Discretionary Stay Is Appropriate

Although the circumstances of this case do not justify abstention, I find that a stay of proceedings is appropriate. "[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981) (collecting cases).

Here, the interests of comity and judicial efficiency weigh in favor of a stay. The 2011 Foreclosure has been the subject of lengthy litigation in the state court, an appropriate forum for determining questions of property rights and good title. The parties are disputing complex issues of New York property law in which the state courts have particular expertise, and although plaintiff is not party to the state court appeal, that appeal has the potential to largely resolve the parties' dispute, or at the very least, clarify the status of the parties' interests. Expending federal judicial resources on parallel quiet-title litigation would be highly inefficient. The state courts' expertise militates in favor of staying these proceedings pending resolution of the state court appeal, ensuring there is no waste of judicial resources.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss on the basis of the *Younger* abstention doctrine is denied, without prejudice. I exercise the court's inherent powers to grant a discretionary stay of the proceedings pending the resolution of the relevant state court appeal. Parties shall file a joint status report as soon as the Appellate Division of the Supreme Court of New York has issued its decision.

9

SO ORDERED.

                                                        /s/
                                        Allyne R. Ross
                                        United States District Judge

Dated:       July 11, 2023
              Brooklyn, New York