UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARON FRIED, AS TRUSTEE OF THE SEIDEN FAMILY
ESTATE TRUST,

                          *Plaintiff*,

      -against-

CIT BANK, N.A.,

                          *Defendant*.

22-CV-7376 (ARR) (MMH)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff brings this action under the New York State Real Property Actions and Proceedings Law ("RPAPL") §§ 1501(4) and 1501(1) to cancel and discharge defendant's mortgage on a property in Brooklyn, New York. Compl., ECF No. 1. Both parties now move for summary judgment: Plaintiff requests that I grant its request to quiet title by cancelling and discharging the mortgage on its property, Pl.'s Mem. in Supp. Summ. J. Mot. ("Pl.'s Mem."), ECF No. 34-8; and defendant requests that I grant it summary judgment dismissing plaintiff's complaint, Def.'s Mem. in Supp. Summ. J. Mot. ("Def.'s Mem."), ECF No. 29. For the reasons set forth below, I deny plaintiff's motion, and I grant defendant's motion.

## BACKGROUND

Plaintiff, Aron Fried, brings this action in his capacity as Trustee of the Seiden Family Estate Trust and is a citizen of New York. Compl. ¶ 3. First-Citizens Bank & Trust Company ("FCB" or "the bank") is successor by merger to named defendant CIT Bank, N.A and is organized under the laws of North Carolina and has its principal place of business there. Answer 1, ¶ 4, ECF No. 13. Plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332. Compl. ¶ 5. The following facts are derived from the parties' exhibits, memoranda, respective Local Rule 56.1

Statements of Facts, and state court filings in the related foreclosure action.[1] Unless otherwise

noted, the facts as recounted here are undisputed.

In 2004, non-party Lilly Segal executed a mortgage on the real property at 1257 59th Street

in Brooklyn (the "property") to secure a mortgage note in the amount of $610,400. Def.'s Rule

56.1 Statement of Material Facts in Supp. of Def.'s Mot. Summ. J. ¶¶ 1–2 ("Def.'s 56.1

Statement"), ECF No. 28. The mortgage loan was assigned from the original lender to OneWest

Bank N.A. ("OneWest"), defendant's predecessor in interest. *Id.* ¶¶ 3, 9. Ms. Segal thereafter

defaulted on the mortgage, and OneWest initiated a foreclosure action in January 2011. *Id.* ¶ 9.[2]

When it filed the foreclosure action, OneWest accelerated the mortgage, making the entire

principal and interest balance secured by the mortgage immediately due and payable. Pl.'s Rule

56.1 Statement of Material Facts in Supp. of Pl.'s Mot. Summ. J. ¶ 9 ("Pl.'s 56.1 Statement"), ECF

No. 34-7. Due to OneWest's failure to file a note of issue,[3] however, the Kings County Court

"ministerially dismissed" the foreclosure action in July 2018. *OneWest Bank, FSB v. Segal*, 202

N.Y.S.3d 144, 146–47 (2d Dep't 2023); Pl.'s 56.1 Statement ¶ 11; Def.'s 56.1 Statement ¶ 12.[4] On

---

[1] I take judicial notice of state court records cited herein that were filed in the foreclosure proceedings but are not in the summary judgment record. *See Lynch v. Conn. Judicial Branch*, No. 15-CV-1379, 2020 U.S. Dist. LEXIS 183656, at *36 n.12 (D. Conn. Sept. 30, 2020) (taking judicial notice of "state court records referenced herein that are not currently in the summary judgment record").

[2] CIT acquired the assets of OneWest Bank in 2015. Compl. ¶ 11; Answer ¶ 11. Further, Ms. Segal's note and mortgage were assigned to CIT in 2021. Def.'s 56.1 Statement ¶ 7. The state court foreclosure action, however, names OneWest as the plaintiff, and so I refer to OneWest in describing the actions taken in the course of that litigation.

[3] A note of issue is a form that is filed and served on all parties confirming that the case is ready for trial. N.Y. C.P.L.R. ("CPLR") § 3402(a).

[4] Each party disputes the other's *characterization* of the trial court's 2018 disposal of the foreclosure action; neither party disputes, however, that the trial court, in fact, disposed of the foreclosure action in 2018. Defendant asserts that the "Supreme Court incorrectly marked the case

appeal, the Appellate Division of the Supreme Court of New York in November 2023 determined that OneWest's foreclosure action should not have been dismissed and restored the action to the trial court's active calendar. *OneWest Bank*, 202 N.Y.S.3d at 147–48. The foreclosure action is currently pending in New York state court.

Between the trial court's disposal of the foreclosure action in July 2018 and the Appellate Division's reversal in November 2023, Mr. Fried acquired the property. Def.'s Rule 56.1 Statement ¶ 17. The parties dispute the legal significance of both the timing of Mr. Fried's acquisition of the property and the parties' actions during the intervening years. For clarity and because they are relevant to the parties' arguments, I have listed below the events that occurred between the July 2018 disposal and the 2023 Appellate Division reversal.

- In July 2018, the trial court "ministerially dismissed" OneWest's foreclosure action. Pl.'s 56.1 Statement ¶ 11; *OneWest Bank*, 202 N.Y.S.3d at 147.

---

disposed and incorrectly dismissed it for failure to file the Note of Issue." Def.'s 56.1 Statement ¶ 12. Plaintiff disputes this and asserts that the trial court dismissed the 2011 foreclosure action due to the foreclosure plaintiff's inordinate delay. *See* Pl.'s Resp. to Def.'s 56.1 Statement of Facts ¶ 12, ECF No. 31. Plaintiff's dispute is unavailing because, as defendant asserts, the Appellate Division reversed the 2018 disposal as legally incorrect. *See OneWest Bank, FSB v. Segal*, 202 N.Y.S.3d 144, 146–47 (2d Dep't 2023) (explaining that the trial court incorrectly disposed of the foreclosure action after the foreclosure plaintiff failed to file the note of issue by the deadline the trial court set). Accordingly, I deem defendant's assertion as admitted. Plaintiff, in his 56.1 Statement of Facts, asserts that the trial court dismissed the 2011 foreclosure action "for the foreclosure plaintiff's failure to file a note of issue." Pl.'s 56.1 Statement ¶ 11. Defendant disputes this by asserting that the 2011 foreclosure action "was not properly dismissed by the trial court." Def.'s Resp. to Pl.'s 56.1 Statement of Facts ¶ 11, ECF No. 38. Defendant's response does not genuinely dispute plaintiff's assertion that the trial court disposed of the foreclosure action in 2018; instead, it simply clarifies that the Appellate Division subsequently overturned the trial court's decision. Accordingly, I deem plaintiff's assertion as admitted.

- In June 2019, OneWest filed a notice of pendency[5] alerting future buyers or interest holders that a pending lawsuit may affect title to the property. Def.'s 56.1 Statement ¶ 14.[6]

- In September 2019, OneWest moved to vacate the 2018 disposal and to restore the foreclosure action to the trial court's active calendar. Pl.'s 56.1 Statement ¶ 12.

- In February 2020, the trial court denied OneWest's motion to restore the foreclosure action to the court's active calendar. Def.'s 56.1 Statement ¶ 15.

- In June 2020, OneWest filed a notice of appeal, challenging the February 2020 denial. *Id.* ¶ 16; Decl. of Kenneth Sheehan, Ex. E, ECF No. 26-5; *see also* Pl.'s 56.1 Resp. to Def.'s 56.1 Statement of Facts ¶ 16 ("Pl.'s 56.1 Resp."), ECF No. 31 (admitting that OneWest filed a notice of appeal).[7]

- Sometime before March 16, 2021—when Mr. Fried acquired the property— OneWest's Notice of Appeal was dismissed, pursuant to 22 N.Y. C.R.R.

---

[5] Article 65 of the New York Civil Practice Law and Rules ("CPLR") allows a plaintiff who brings a lawsuit claiming interest in real property to file a notice of pendency, which alerts future buyers or interest holders that a pending lawsuit may affect title to the property. CPLR §§ 6501–6516.

[6] Plaintiff attempts to dispute defendant's statement that OneWest filed a notice of pendency on June 6, 2019 by asserting that "[t]he foreclosure action had been dismissed as of said date." Pl.'s 56.1 Resp. ¶ 14. That the trial court had previously disposed of the foreclosure action does not conflict with the assertion that OneWest filed a notice of pendency on June 6, 2019, which the record supports. Decl. of Kenneth Sheehan, Ex. C, ECF No. 26-3. As such, I deem this fact admitted. Plaintiff may intend this response to support its argument that the notice of pendency was a legal nullity. Pl.'s Opp'n to Def.'s Mot. Summ. J. 2–5, ECF No. 32. Legal arguments do not, however, create genuine factual disputes. *See Cotnoir-Debenedetto v. Uniondale Union Free Sch. Dist.*, No. 20-CV-5096 (NGG), 2023 WL 4274701, at *4 (E.D.N.Y. June 29, 2023).

[7] Defendant asserts that OneWest filed this notice of appeal on July 7, 2020. Def.'s 56.1 Statement ¶ 16. The notice of appeal that defendant cites, however, is dated June 9, 2020. Decl. of Kenneth Sheehan, Ex. E, ECF No. 26-5; *see also* March 21, 2024 Decl. of Aron Fried ¶ 9, ECF No. 30.

§ 1250.10(a), for its failure to timely perfect the appeal. *See* March 21, 2024 Decl.

of Aron Fried ¶ 10 ("March 21 Fried Decl."), ECF No. 30.[8]

- On March 16, 2021, Mr. Fried acquired the property. Def.'s Rule 56.1 Statement ¶ 17.

- In September 2021, OneWest filed a motion, pursuant to 22 N.Y. C.R.R. § 1250.10(c), requesting that the Appellate Division vacate the dismissal of its Notice of Appeal. *See* Notice of Mot. Vacate Dismissal of Notice of Appeal ¶¶ 26–28 ("Mot. Vacate"), *OneWest Bank, FSB v. Segal*, App. Div. Docket No. 2020-05186, 2021 WL 5710145 (2d Dep't Dec. 1, 2021).

- In December 2021, the Appellate Division granted OneWest's motion to vacate the dismissal of appeal and to extend its time to perfect its appeal. *See* March 21, 2024 Fried Decl. ¶ 14; *see also OneWest Bank, FSB v. Segal*, App. Div. Docket No. 2020-05186, 2021 WL 5710145 (2d Dep't Dec. 1, 2021); Def.'s Mem. in Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. 2–3 ("Def.'s Reply"), ECF No. 33.

- In November 2023, the Appellate Division determined that the New York Supreme Court should have granted OneWest's request to restore its foreclosure action to the trial court's active calendar. *OneWest Bank*, 202 N.Y.S.3d at 148.

While OneWest's appeal was pending before the Appellate Division, Mr. Fried filed the current action requesting that I cancel and discharge defendant's mortgage on the property. Compl.

---

[8] In a filing in the foreclosure action, OneWest indicated that its Notice of Appeal was dismissed on March 11, 2021. *See* Notice of Mot. Vacate Dismissal of Notice of Appeal ¶ 26 ("Mot. Vacate"), *OneWest Bank, FSB v. Segal*, App. Div. Docket No. 2020-05186, 2021 WL 5710145 (2d Dep't Dec. 1, 2021). Mr. Fried, however, asserts that the Appellate Division automatically dismissed OneWest's Notice of Appeal on December 9, 2020. *See* March 21, 2024 Decl. of Aron Fried ¶ 10, ECF No. 30. As relevant to the instant case, it is only important that both dates were before Mr. Fried acquired the property on March 16, 2021. *See infra*, Discussion II at 13–14.

¶¶ 1–2. In the interests of comity and judicial efficiency, I stayed the proceedings pending resolution of OneWest's appeal of the foreclosure action. *See Fried as Tr. of Seiden Fam. Est. Tr. v. CIT Bank, N.A.*, No. 22-CV-7376, 2023 WL 5020286, at *5 (E.D.N.Y. July 11, 2023). With the Appellate Division's decision in hand restoring the foreclosure action to the trial court's active calendar, both parties now move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotation omitted); *see also* Fed. R. Civ. P. 56. A "material" fact is one that could "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" dispute over a material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the burden of demonstrating that no genuine issues of material fact exist, *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002), and if the movant meets this burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation and emphasis omitted). Although the reviewing court must "examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant," *Marvel*, 310 F.3d at 286, "mere speculation or conjecture" or "conclusory allegations or denials" are insufficient to overcome a motion for summary judgment, *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (quotations omitted). Instead, to survive a motion for summary judgment the

nonmovant "must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

## DISCUSSION

**I.**   **The Parties' Outstanding Disagreements over Factual Matters are not Genuine Disputes.**

Although the parties agree as to most of the material facts, they dispute a few matters. I have resolved the parties' disputes over the trial court's 2018 disposal of the foreclosure action and whether OneWest filed a Notice of Pendency in June 2019. *See supra* notes 4, 6. I now address the outstanding factual disputes.

In its statement of material facts, defendant asserts that it filed a notice of appeal, which was "perfected and fully briefed." Def.'s 56.1 Statement ¶ 16. Plaintiff disputes defendant's characterization of the appeal and instead asserts that the notice of appeal was dismissed for OneWest's failure to timely appeal. Pl.'s 56.1 Resp. ¶ 16. Although plaintiff is correct that the Appellate Division dismissed OneWest's Notice of Appeal for its failure to timely perfect, OneWest did eventually perfect its appeal after the Appellate Division granted its motion to vacate the dismissal of its notice of appeal pursuant to 22 N.Y. C.R.R. § 1250.10(c). *See OneWest Bank, FSB*, 2021 WL 5710145 (granting OneWest's motion to vacate the dismissal of appeal and to extend the time to perfect the appeal pursuant to 22 N.Y. C.R.R. § 1250.10(c)); March 21, 2024 Fried Decl. ¶ 14 (admitting that the Appellate Division "granted the appellant's motion to restore the appeal"); *see also OneWest Bank*, 202 N.Y.S.3d 144 (reviewing the foreclosure action on appeal). Accordingly, plaintiff's response does not create a genuine dispute.

Defendant disputes plaintiff's assertion that he is not and never has been a party to the 2011 foreclosure action. Pl.'s 56.1 Statement ¶¶ 10, 16; Def.'s 56.1 Resp. ¶¶ 10, 16. Defendant asserts

that although "[p]laintiff was not a named party defendant in the [f]oreclosure [a]ction," he is nonetheless bound to the action to the "same extent as a named party defendant." Def.'s 56.1 Resp. ¶¶ 10, 16. Defendant therefore admits that plaintiff is not a named party in the foreclosure action, and its only dispute is over whether plaintiff is bound by the action. *Id.* This dispute, however, is a legal argument and legal arguments do not create genuine factual disputes. *See Cotnoir-Debenedetto v. Uniondale Union Free Sch. Dist.*, No. 20-CV-5096 (NGG), 2023 WL 4274701, at *4 (E.D.N.Y. June 29, 2023). As such, I deem as admitted the fact that plaintiff is not a named party in the foreclosure action.

Finally, defendant disputes—although it does not state the basis for its dispute—plaintiff's assertion that there was not a foreclosure action pending in state court when it acquired title to the property in March 2021. Pl.'s 561. Statement ¶ 14; Def.'s 56.1 Resp. ¶ 14. The parties also debate this issue in their motion papers. *See* Def.'s Mem. 1, 4; Pl.'s Mem. Opp'n to Def.'s Mot. Summ. J. 1, 4 ("Pl.'s Opp'n"), ECF No. 32; Def.'s Reply 2–3; Pl.'s Mem. 5–6; Def.'s Mem. Opp'n to Pl.'s Mot. Summ. J. 5–6 ("Def.'s Opp'n"), ECF No. 39; Pl.'s Reply Mem. Supp. Pl.'s Mot. Summ. J. 3–4 ("Pl.'s Reply"), ECF No. 36. Although the parties dispute the legal status of the foreclosure action while the appeal was pending, there is no genuine factual dispute over the fact that the notice of appeal was dismissed *before* Mr. Fried acquired the property and that this dismissal was vacated *after* Mr. Fried acquired the property. *See supra* Background 4–5. The only unresolved question is a legal one: whether under New York law a foreclosure action is considered terminated after a notice of appeal is dismissed, but before a party has exhausted its statutory avenues of relief. I answer this question below.

II.     **Plaintiff Is Entitled to Neither an Order Cancelling and Discharging the Mortgage on the Property Under RPAPL § 1501(4) Nor a Judgment Quieting Title to the Property Pursuant to RPAPL § 1501(1).**

Plaintiff first argues that he is entitled to cancellation and discharge of the mortgage pursuant to RPAPL § 1501(4). Pl.'s Mem. 1–5. Under RPAPL § 1501(4), a person with an interest in real property subject to a mortgage may bring an action to secure the cancellation or discharge of that mortgage when the statute of limitations to bring a foreclosure action has lapsed and no foreclosure action has been brought. *Id.* In New York, the statute of limitations for commencing a foreclosure action is six years, N.Y. C.P.L.R. ("CPLR") § 213(4), measured from the lender's acceleration of the mortgage, *see Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S.2d 540, 542 (2d Dep't 2012).

Plaintiff argues that he is entitled to cancellation and discharge of the mortgage pursuant to RPAPL § 1501(4) because: (1) OneWest accelerated the mortgage in 2011, commencing the six-year statute of limitations to bring a foreclosure action; and (2) no foreclosure action has been interposed *against him* within the six-year period. Pl.'s Mem. 3. Defendant, on the other hand, argues plaintiff cannot bring an action under RPAPL § 1501(4) to cancel the mortgage because: (1) OneWest commenced a foreclosure action within six years of accelerating the mortgage; and (2) the foreclosure action is still pending because the Appellate Division restored it to the trial court's active calendar. Def.'s Opp'n 4.

It is clear from the record that OneWest commenced a foreclosure action against Ms. Segal within six years of accelerating the mortgage, Pl.'s 56.1 Statement ¶¶ 6, 9, and that the foreclosure action is still pending, *OneWest Bank,* 202 N.Y.S.3d at 148 (reversing the lower court's dismissal of the foreclosure action and restoring it to the trial court's active calendar). A foreclosure action

that is pending appeal is still active for statute of limitation purposes. *See Mizrahi v. US Bank, Nat'l Ass'n*, 64 N.Y.S.3d 572, 573 (2d Dep't 2017). There also is no requirement that the action be resolved within six years; it must be commenced within that time. *See Gustavia Home LLC v. WS1 Corp.*, No. 17-CV-4330 (ERK), 2019 WL 2527291, at *3 (E.D.N.Y. June 19, 2019), *aff'd*, 805 F. App'x 82 (2d Cir. 2020). The question is, therefore, whether Mr. Fried is bound by the foreclosure action that OneWest brought against Ms. Segal within the six-year statute of limitations.

As both parties acknowledge, Mr. Fried has never been added as a party to the foreclosure action. Pl.'s 56.1 Statement ¶ 10; Def.'s 56.1 Resp. ¶ 10. Plaintiff argues that this is sufficient to demonstrate that he is not bound by the foreclosure proceedings. Pl.'s Mem. 1–2, 5–6; *see also Jamison v. Aquai*, 10 N.Y.S.3d 119, 120–21 (2d Dept. 2015) ("[W]here a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, that person's rights are left unaffected by the judgment of foreclosure and sale."). Defendant argues, on the other hand, that plaintiff is bound by the foreclosure action because OneWest filed a notice of pendency in June 2019, which gave Mr. Fried constructive notice of the foreclosure action when he purchased the property in March 2021. Def.'s Opp'n 6.

Under Article 65 of the New York Civil Practice Law and Rules ("CPLR"), "a plaintiff in an action 'in which the judgment demanded would affect the title to, or the possession, use or enjoyment of real property,' may file a notice of pendency with respect to the real property that is the subject of the action." *Diaz v. Paterson*, 547 F.3d 88, 90 (2d Cir. 2008) (quoting CPLR § 6501). Pursuant to the statute, the notice of pendency provides constructive notice of the lawsuit to any future buyers or interest holders in the property and "bind[s] . . . subsequent purchaser[s] to the outcome of the action" as if that purchaser were a party. *Da Silva v. Musso*, 560 N.Y.S.2d 109 110

10

(1990); *see also* CPLR § 6501(a). Because a notice of pendency is a powerful provisional remedy—it permits a party to impede the "alienability of real property without any prior judicial review"—the New York Court of Appeals requires "strict compliance with the statutory procedural requirements" for notices to be effective, including the provisions for filing and canceling notices. *5303 Realty Corp. v. O & Y Equity Corp.*, 486 N.Y.S.2d 877, 881–82 (1984). One such procedural requirement, of particular relevance here, states that a notice of pendency must be filed in an "*action* in a court of the state." CPLR § 6501(a) (emphasis added).

Plaintiff argues that OneWest's notice of pendency was defective because there was no active "action" when it filed the notice in June 2019; the foreclosure action had already been dismissed in July 2018, and OneWest did not move to vacate that dismissal until September 2019. Pl.'s Opp'n 2; *see also* Pl.'s 56.1 Statement ¶ 12. Plaintiff further asserts that a defective notice of pendency "imparts no constructive notice," especially considering that parties must strictly comply with the notice of pendency statutory procedural requirements. Pl.'s Opp'n 4 (citing *Chateau Rive Corp. v. Riverview Partners, LP*, 795 N.Y.S.2d 272, 273 (2d Dept 2005) (explaining that where "no complaint was filed with the notice of pendency [as required by statute], it follows that the notice was defective and void *from the beginning*") (emphasis added)). To support his theory that no action existed in which OneWest could file a notice of pendency, plaintiff attempts to analogize his case to a Rockland County Supreme Court case from 2018. *Id.* In that case, the plaintiffs had filed a notice of pendency in New York state court "seeking to put all persons in New York on notice of their interest in [a New York property]" even though there was no action related to the property pending in New York state court. *New Planet Energy Dev., LLC v. MBC Contractors, Inc.*, 85 N.Y.S.3d 714, 716 (Sup. Ct. 2018). The litigation over the New York property was instead pending in Illinois state court. *Id.* at 715–16. Because there was no action related to the property

11

pending in New York state court, the trial court vacated the notice of pendency and explained that

the CPLR authorizes a party to file a notice of pendency in any action "in a court of the state,"

which it read to mean only New York courts. *Id.* at 717–20. Unlike in *New Planet*, however, the

action in which OneWest filed the notice of pendency was in New York state court. Decl. of

Kenneth Sheehan, Ex. C, ECF No. 26-3. Accordingly, plaintiff's analogy to *New Planet* is

unpersuasive. Plaintiff cites no other case law to support his argument regarding the non-existence

of an "action." Pl.'s Opp'n 2–5; Pl.'s Reply 3–5.[9]

Defendant counters that there was an action pending when OneWest filed the notice of

pendency in June 2019 because, even though the trial court ministerially dismissed OneWest's

foreclosure action for want of prosecution pursuant to CPLR § 3216 in July 2018, OneWest still

had an opportunity to move to vacate the dismissal. Def.'s Opp'n 5; *see also* Def.'s Reply 2, 4–5.

Under New York law, a plaintiff may challenge a dismissal pursuant to CPLR § 3216 by "moving

on notice for vacatur . . . and then by taking an appeal as of right if the requested relief is denied."

*Novastar Mortg., Inc. v. Melius*, 45 N.Y.S.3d 607, 609 (3d Dept. 2016) (citing CPLR

§ 5701(a)(3)). OneWest followed this procedure in challenging the trial court's dismissal of its

foreclosure action in July 2018. Pl.'s 56.1 Statement ¶ 12 (explaining that in September 2019,

OneWest moved to vacate the 2018 disposal and to restore the foreclosure action to the trial court's

---

[9] Plaintiff's argument could be read as asserting that the notice of pendency is defective because CPLR § 6511(a) requires that a notice of pendency be filed at "any time prior to judgment," and that the trial court's dismissal of the action in 2018 was a judgment. Further, in foreclosure actions specifically, a plaintiff must file a notice of pendency at least "twenty days before a final judgment directing a sale is rendered." RPAPL § 1331. Plaintiff neither makes this argument explicitly nor cites to this statutory language; accordingly, I do not read his motions as asserting this argument. Had plaintiff made this argument, it would have been unavailing: The 2018 dismissal of the foreclosure action was ministerial, and no judgment followed. *See OneWest Bank*, 202 N.Y.S.3d at 147; Pl.'s Reply 5 (acknowledging that "no judgment was entered after the Supreme Court dismissed the action in 2018").

active calendar); *see also OneWest Bank*, 202 N.Y.S.3d at 146–47.

Defendant is correct that, because OneWest had not yet exhausted the available appeals process when it filed the notice of pendency in June 2019, the foreclosure action was not terminated at that time. In an analogous context, New York courts have determined that an action does not "terminate" until all appeals as of right have been exhausted. For example, in *MTGLQ Investors, LP v. Zaveri*, the New York Appellate Division determined that for the purpose of measuring the six-month statute of limitations in CPLR § 205—a statute that authorizes plaintiffs to bring a new cause of action, in certain circumstances, six months after a prior related cause of action terminates—a prior action does not terminate until the plaintiff's time to "file a motion to vacate . . . and to appeal from the denial of that motion" expires. 177 N.Y.S.3d 816, 817 (4th Dep't 2022); *see also Lehman Bros., Inc. v. Hughes Hubbard & Reed, L.L.P.*, 684 N.Y.S.2d 478, 479 (1998) ("[W]here an appeal is taken as a matter of right, or where discretionary appellate review is granted on the merits, the six-month [CPLR 205 statute of limitations] does not commence since termination of the prior action has not yet occurred."). In *MTGLQ Investors*, the plaintiff brought a second foreclosure action under CPLR § 205 in April 2019, even though the trial court had dismissed its first foreclosure action in March 2017. *See* 177 N.Y.S.3d at 817. The court determined that the plaintiff's April 2019 foreclosure action was timely under CPLR § 205 because the prior action did not terminate in 2017 when the trial court initially dismissed the foreclosure action; instead, the court determined that the prior action terminated in November 2018 when the Appellate Division dismissed the plaintiff's appeal of the lower court's dismissal of its motion to vacate. *Id.* at 817–18. By the same logic, the trial court's ministerial dismissal of OneWest's foreclosure action in July 2018 did not terminate the foreclosure action because OneWest still had the opportunity to move to vacate the dismissal and to later appeal if the trial court denied that

motion. Accordingly, when OneWest filed its notice of pendency in June 2019, the state foreclosure action was still pending, and plaintiff's argument to the contrary is unavailing.

Plaintiff also argues that the notice of pendency is ineffective because when he acquired the property in March 2021, the Appellate Division had already dismissed OneWest's appeal of the trial court's dismissal of its foreclosure action. Pl.'s Opp'n 1, 4. Thus, under plaintiff's logic, the 2019 notice "afforded constructive notice to the world [only] that both the 2011 foreclosure action and the appeal had been dismissed." *Id.* at 1. Plaintiff's argument is essentially, again, that the foreclosure action was no longer pending at the time he acquired the property, and, as such, the notice of pendency had no legal effect.

As plaintiff notes, the Appellate Division dismissed OneWest's appeal of the lower court's dismissal of its motion to vacate for its failure to timely perfect the appeal. March 21 Fried Decl. ¶ 10. After this dismissal, however, OneWest still had an opportunity, pursuant to N.Y. C.R.R. § 1250.10(c), to move for the Appellate Division to vacate the dismissal of the appeal, which it did in September 2021. *See* Mot. Vacate ¶ 26, *OneWest Bank, FSB v. Segal*, App. Div. Docket No. 2020-05186, 2021 WL 5710145 (2d Dep't Dec. 1, 2021). The Appellate Division ultimately granted OneWest's motion and extended its time to perfect its appeal as of right. *See OneWest Bank, FSB*, 2021 WL 5710145; *see also* March 21, 2024 Fried Decl. ¶ 14. By analogy to the cases interpreting when a prior action terminates for purposes of CPLR § 205(a), discussed above, I conclude that the foreclosure action was not terminated when Mr. Fried acquired the property. At that point, OneWest still had an opportunity to move to vacate the dismissal of its appeal pursuant to N.Y. C.R.R. § 1250.10(c), and if the Appellate Division granted the motion to vacate, it could pursue its appeal as of right. *Cf. Bank of N.Y. Mellon v. Slavin*, 67 N.Y.S.3d 328, 331 (3d Dept. 2017) (determining that a default order did not constitute a final termination of an action because

the plaintiff was "statutorily authorized to file a motion to vacate and to appeal from the denial of

that motion"). Under the *Slavin* court's logic, "it is procedurally and logically unsound to deem

the [court's] dismissal a 'termination' because success in the motion court or upon appeal would

reinstate the original action. By contrast, an action cannot be reinstated after appeals are exhausted

and, thus, an action is properly deemed terminated under those circumstances." *Id.* at 331.

Accordingly, the 2011 foreclosure action was not terminated when Mr. Fried acquired the property

because OneWest still had an opportunity to move to vacate the dismissal, and, as a result, the

notice of pendency was effective.

Mr. Fried's final argument for cancellation and discharge of the mortgage pursuant to

RPAPL § 1501(4) relates to the procedure for canceling a notice of pendency under CPLR

§ 6514(a). He contends that because he acquired the property after the lower court dismissed the

foreclosure action and because there was "no stay against the transfer of the property and no order

continuing the notice of pendency . . . the foreclosure action does not affect [p]laintiff's title." Pl.'s

Reply 3; *see also* CPLR § 5523 ("A court reversing or modifying a final judgment . . . may order

restitution of property . . . lost by the judgment, . . . except that where the title of a purchaser in

good faith and for value would be affected, the court may order the value . . . restored or deposited

in court."); *Da Silva*, 560 N.Y.S.2d at 111 (1990) (interpreting CPLR § 5523). Because plaintiff

made this argument for the first time in his reply, I consider it waived. *See* Pl.'s Reply 3; *see*

*generally*, Pl.'s Mem.; Pl's Opp'n; *see also Am. Hotel Int'l Grp. Inc. v. OneBeacon Ins. Co.*, 611

F. Supp. 2d 373, 375 (S.D.N.Y. 2009) ("[A] district court is free to disregard argument raised for

the first time in reply papers, especially on a motion for summary judgment.")

Had plaintiff made this argument regarding the lack of a stay in his initial brief or in his

opposition to defendant's motion, he still would not be entitled to the relief he seeks. Plaintiff cites

*Da Silva v. Musso* for support. There, the plaintiff had prevailed in an earlier case before the Court of Appeals against a defendant who broke a contract for real property. *Id.* at 109–10. The Court of Appeals reversed the Appellate Division's decision invalidating the trial court's award of specific performance to the plaintiff. *Id.* While the appeal from the Appellate Division's decision was pending in the Court of Appeals, the defendant sold the contested real property to a third party and made a motion to cancel the notice of pendency, which was granted. *Id.* at 110. After the Court of Appeals reinstated the trial court judgment, the plaintiff commenced another action seeking a declaration that the deed conveying the property to the third party was void given the Court of Appeals decision and given that the third-party had actual notice of the pending appeal. *Id.* at 109–10. The Court in *Da Silva* declined to grant the plaintiff this requested relief. *Id.* at 113. The Court first determined that the notice of pendency was properly canceled. *Id.* at 113. Pursuant to CPLR § 6514(a), the Court explained, a court must cancel a notice of pendency, "upon motion of any person aggrieved," if "enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519." CPLR § 6514(a); *Da Silva*, 560 N.Y.S.2d at 110. In *Da Silva*, the plaintiff failed to request a stay pursuant to CPLR § 5519, and the defendant moved to cancel the notice. *Da Silva* N.Y.S.2d at 110. The Court then explained that the third party's actual knowledge of the pending lawsuit was insufficient to preserve the lawsuit's cloud on the title, especially given the Court of Appeals' directive that courts must strictly adhere to the notice of pendency statute. *Id.* at 112. As a result, the Court concluded that the plaintiff had no claim of ownership to the property. *Id.* at 113.

Plaintiff's *Da Silva*-based argument is unpersuasive because, although plaintiff alleges that "there is no stay of the dismissal of the foreclosure action," Pl.'s Reply 3, there is no evidence in the record before me that plaintiff, or any other aggrieved party, made a motion to cancel the 2019

notice of pendency, *see* Pl.'s 56.1 Statement; Pl.'s 56.1 Resp. In both *Da Silva* and in the CPLR

§ 6514(a), cancellation of a notice of pendency upon final judgment requires a "motion of any

person aggrieved." *See* CPLR § 6514(a); *Da Silva*, 560 N.Y.S.2d at 110 ("Once the litigation has

terminated in a final judgment dismissing the complaint, the status of the notice of pendency is

governed by CPLR 6514(a), which provides for its mandatory cancellation, '*upon motion of any*

*person aggrieved*,' when . . . the enforcement of the adverse judgment . . . has not been stayed

. . . ." (quoting CPLR § 6514(a)) (emphasis added)). Accordingly, because there is no evidence

before me that the notice of pendency was canceled, plaintiff's *Da Silva* argument is unavailing,

despite his allegation that there is no stay of the trial court's February 2020 order.[10]

Finally, plaintiff argues that he is entitled to judgment quieting title to the property under

RPAPL § 1501(1). Under RPAPL § 1501(1), "a person [who] claims an estate or interest in real

property . . . may maintain an action against any other person . . . to compel the determination of

any claim adverse to that of the plaintiff." *Id.* Like with his RPAPL § 1501(4) action, plaintiff

argues he is entitled to judgment quieting title under RPAPL § 1501(1) because the "mortgage was

time-barred at the time" plaintiff received the property. Pl.'s Mem. 5–6. As a result, he contends

---

[10] Even if evidence of the notice of pendency's cancellation existed in the record before me, it is
not clear that *Da Silva* would control. In *Gustavia Home LLC*, the Eastern District raised a number
of factors for courts to consider when determining whether a pending lawsuit affects title to real
property that is transferred pending appeal of a foreclosure action, including: (1) whether the party
seeking to quiet title had actual notice of the pending lawsuit; (2) whether the foreclosure action
was dismissed on the merits; and (3) whether any clouds on the title exist in addition to the lawsuit.
*See* 2019 WL 2527291, at *3–5 (determining that—should the Appellate Division reverse the
lower court's decision dismissing the defendant's foreclosure action—the plaintiff was not entitled
to take the property free of defendant's mortgage because even though the notice of pendency on
the property had expired and the defendant failed to obtain a stay of the lower court's judgment
dismissing its foreclosure action, the plaintiff had actual notice of the pending lawsuit, and unlike
in *Da Silva*, the foreclosure action was not dismissed on the merits and the notice of pendency was
not the only cloud on the title—there was also a mortgage on the property). I would have to analyze
each of these factors to determine the impact of the lack of a stay.

that he received the property "free and clear of the mortgage." *Id.* at 6. I deny plaintiff summary

judgment on this claim, and grant defendant's request for summary judgment dismissing this claim

for the same reasons I denied plaintiff's motion for summary judgment and granted defendant's

motion on plaintiff's RPAL § 1501(4) claim.

## CONCLUSION

For the reasons above, I deny plaintiff's motion for summary judgment, and I grant

defendant's motion for summary judgment. Accordingly, plaintiff's complaint against defendant

is dismissed in its entirety. The Clerk of Court is directed to enter judgment accordingly and close

the case.

SO ORDERED.

_____/s/_____

Allyne R. Ross
United States District Judge

Dated:      May 15, 2024
             Brooklyn, New York